IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RUFUS GRAY                                                                                           PETITIONER
ADC #141375

v.                                            Case No. 5:10CV00218 JTK

RAY HOBBS, Director,
Arkansas Department of Correction                                                       RESPONDENT

## MEMORANDUM OPINION AND ORDER

Rufus Gray, an inmate in the Arkansas Department of Correction, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  Respondent concedes that Petitioner is in his custody and has exhausted all non-futile state remedies, but he argues that the petition should be denied for other reasons.  (DE #7, Response)  Petitioner has replied to these arguments.  (DE #9, Reply)  For the reasons that follow, the petition is denied as untimely.[1]

On February 1, 2008, a Clark County, Arkansas jury convicted Petitioner of attempted rape, and Petitioner received a sentence of 560 months' imprisonment.  A fine of $7,500 was also imposed.  (DE #7-1, Exhibit 1) The Judgment and Commitment Order was entered of record on February 27, 2008.  No appeal was taken from this conviction, and on August 25, 2008, Petitioner sought leave to proceed with a belated appeal of the judgment pursuant to Rule 2(e) of the Rules of Appellate Procedure–Criminal.  The Arkansas Supreme Court denied the motion.  *Gray v. State*, CR08-994 (Ark. Oct. 30, 2008) (per curiam).  On December 18, 2008, Petitioner filed a motion for reconsideration, which was denied.  *Gray v. State*, CR08-994 (Ark.

---

[1]The parties consented to the jurisdiction of a United States Magistrate Judge.  (DE #12, Consent)

Feb. 26, 2009) (per curiam). On June 18, 2009, Petitioner filed a second motion, which again was denied. *Gray v. State*, CR08-994 (Ark. Sept. 17, 2009) (per curiam).

On October 27, 2009, Petitioner filed in the trial court a pro se motion for leave to proceed with a belated Rule 37.1 petition. The trial court denied the motion the same day. Petitioner did not timely file a notice of appeal from that order. Thereafter, Petitioner filed a motion for rule on clerk with the Arkansas Supreme Court wherein he sought leave to proceed with an appeal of the trial court's order. As the notice of appeal was untimely, the Court treated the motion as a motion for belated appeal under Rule 2(e) of the Arkansas Rules of Appellate Procedure—Criminal. Finding the time limit for filing a Rule 37 petition jurisdictional in nature, the Arkansas Supreme Court determined that the trial court properly denied Petitioner's motion to proceed with a belated Rule 37 petition and denied the motion for belated appeal. *Gray v. State*, CR 10-254 (Ark. May 6, 2010) (per curiam). On July 29, 2010, Petitioner filed the present petition. In it, he asserts four grounds:

1. Counsel was ineffective for failing to file a notice of appeal;

2. Counsel was ineffective for failing to secure medical records that could have established that the victim made inconsistent statements regarding contracting a sexually transmitted disease from him;

3. He was denied a fair and impartial trial because the trial court's instructions to the jury regarding his parole eligibility were erroneous; and

4. The prosecutor engaged in misconduct for violation of *Brady v. Maryland* by arguing that the rape shield statue prevented introduction of evidence as to whether he had a sexually transmitted disease that the victim claimed she contracted from him.

(DE #2, Petition).

In response, Respondent argues that the petition should be dismissed as procedurally barred, or alternatively, as procedurally defaulted absent any showing of cause, resulting prejudice, or actual innocence. Petitioner contends that his retained trial attorney provided ineffective assistance of counsel when he did not appeal his conviction. (DE #9, Reply) He also claims that he timely filed his notice of appeal from the denial of his Rule 37 petition but that the circuit court clerk refused to file it. Because the Court agrees that the petition is time-barred, the alternative arguments for dismissal need not be addressed.

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition. That year runs from the latest of four specified dates." *Jimenez v. Quaterman*, 555 U.S. 113, 114-15 (2009) (citing 28 U.S.C. § 2244(d)(1)). The date applicable here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The term "direct review" refers to the direct appeal process and includes review by the United States Supreme Court. *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998). "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Sup. Ct. R. 13.3.

The Clark County Circuit Court filed Petitioner's Judgment and Commitment Order on February 27, 2008, DE #7-1, Exhibit 1, and the time to appeal that Order expired thirty days later on March 28, 2008. *See* Ark. R. App. P.–Crim. 2. Thus, absent any tolling of the limitations

period, Petitioner's time for filing his habeas petition expired on March 30, 2009.[2]  Petitioner filed this pending habeas on July 29, 2010, and his claims are barred by the statute of limitations unless he is entitled to statutory or equitable tolling.

Section 2244(d)(2) provides that the time during which a "properly filed application" for state post-conviction review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  A properly filed Rule 37 post-conviction petition triggers 28 U.S.C. § 2244(d)(2)'s tolling provision. *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006).  The limitation period remains tolled while the petition is pending.  The post-conviction petition is "pending" from the date of filing until "final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002).  This includes the period of time during which a properly filed motion for belated or out-of-time appeal is under consideration by a state court.  *See Murray v. Norris*, 2006 WL 1342809, *4 (E.D. Ark. May 16, 2006).

In this case, Petitioner's motions for belated appeal did not toll the statute of limitations. *Jimenez v. Quarterman*, 555 U.S. at 120 (a timely and successful motion for belated appeal restores the pendency of the direct appeal process); *Young v. Hobbs*, 2011 WL 1480312, at *3 E.D. Ark. Mar. 29, 2011); *Shoemate v. Norris*, 2003 WL 23989923, at *6 (E.D. Ark. July 25, 2003) (holding "a motion for belated appeal does not equate with an appeal.  No appeal would be pending until—and unless—the motion was granted.").  Thus, the petition is barred as untimely.

While Petitioner does not expressly raise the issue of equitable tolling of the one-year

---

[2]March 28, 2009, was a Saturday.

statue of limitations, the Court will address the issue. The United States Supreme Court has held that the one-year statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling. *See Holland v. Florida*, ___ U.S. ____, 130 S.Ct. 2549, 2560 (2010). However, equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control makes it impossible to file a petition on time. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Flanders v. Gravies*, 299 F.3d 974, 976 (8th Cir. 2002). "[A]ny invocation of equity to relieve the strict application of the statute of limitations must be *guarded and infrequent*, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added). Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Instead, the Petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, there is nothing in Petitioner's submissions that suggests he could possibly be eligible for equitable tolling. The Arkansas Supreme Court found that, when Petitioner attempted to file a belated appeal from his conviction, his retained lawyer[3] had already been

---

[3]Retained counsel averred in an affidavit that Petitioner asked him to withdraw as his attorney. Counsel claimed that he met with Petitioner and agreed to withdraw. He also explained to Petitioner the need for a timely appeal if he desired to file one. *See Gray v. State*, Case No. CR 08-994 (Sept. 17, 2009) (per curiam).

relieved by the trial court, who had no obligation to appoint new counsel. *See* Ark. R. App. P.—Crim. 16(a). Because Petitioner had retained trial counsel, the burden was on him to obtain new counsel for an appeal or to notify the trial court that he wished to appeal and to seek appointed counsel if he had become indigent after his retained counsel was allowed to withdraw.[4] *See Gray v. State*, CR 08-994 (Ark. Feb. 26, 2009) (per curiam). Further, Petitioner offers no proof that he timely filed a notice of appeal from the trial court's denial of his Rule 37 petition, and his argument that the circuit court clerk refused to file it, is to no avail. *See Patterson v. State*, 2009 Ark. 237 (Apr. 23, 2009) ("when proceeding pro se, it is not the responsibility of the circuit clerk, circuit court or anyone other than the petitioner to perfect an appeal"); *Jimenez v. State*, 2005 WL 23416 (Ark. Jan. 6, 2005) (per curiam) ("it is not the responsibility of the circuit clerk, circuit court, or anyone other than the appellant to perfect an appeal. . . . Placing blame on the clerk does not constitute good cause for petitioner's failure to perfect the appeal").

For the reasons discussed above, the Court concludes that this action is time-barred.[5]

---

[4] The Arkansas Supreme Court found that Petitioner's pro se letter (appended to his motion for reconsideration of pro se motion for belated appeal) addressed to "whom it may concern" asking for "an appeal and new trial at public expense" and for appointment of counsel did not conform with Ark. R. App. P.—Crim. 2(4) or 2(c)(2), which sets out the requirements for sufficient notice of appeal in a criminal case, in that it failed to identify the judgment being appealed and failed to state whether the appeal was to the Arkansas Supreme Court or the Arkansas Court of Appeals. The Court notes that the pro se letter dated February 12, 2008, and filed by the Clark County Circuit Clerk on February 20, 2008, clearly included the case being appealed—CR2004-217. It was filed prior to the judgment being entered on February 27, 2008, but was considered effective one day after the judgment was entered pursuant to Ark. R. App. P.—Crim. 2(b)(1). In any event, equitable tolling is not warranted. *See Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (holding that pro se petitioner's "misunderstanding of the Arkansas rules, statutes, and the time period set forth therein do not justify equitable tolling").

[5] The Court notes that, even if this action were not time-barred, it would still be dismissed as procedurally defaulted. First, most of the claims do not appear to be based on any alleged violation of his federal constitutional rights, as required by 28 U.S.C. § 2254(a). *See Wainwright v. Goode*, 465 U.S. 78, 83 (1983) (per curiam) ("[i]t is axiomatic that federal

6

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied. The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 10th day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

---

courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension"). Second, Petitioner did not present any of his current claims for relief to the Arkansas state courts before bringing them here, as required by 28 U.S.C. § 2254(b). *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies for his federal constitutional claims).